UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROBERT D. KORNAGAY,**
**individually,**

    Plaintiff,               CASE NO.: 3:17-cv-795-J-34MCR

vs.

**SERGEANT J. WILBURN and**
**T. DIEDEMAN**

    Defendant(s).
_____/

**DEFENDANTS WILBURN AND DIEDMAN'S ANSWER AND**
**AFFIRMATIVE DEFENSES**

The Defendants Wilburn and Diedeman through his undersigned attorney pursuant to Rule 7(a) Fed. R. Civ. P. and Local Rule 1.05 serves their answer and states the following:

1.    The Defendants do not answer the information contained in paragraph I - IV of the Civil Rights Complaint Form.

2.    The Defendants' deny the allegations contained in paragraph V of the Plaintiff's Civil Rights Complaint Form and demands strict proof thereof.

3.    The Defendants' admit the allegations contained in paragraph VI (1) of the Plaintiff's Civil Rights Complaint Form.

4.      The Defendants' admit the allegations contained in paragraph VI (2) of the Plaintiff's Civil Rights Complaint Form that they were employed by the Department of Corrections. To the extent the Plaintiff is seeking to impose liability upon the Defendants, the Defendants deny they acted under the color of state law and demands strict proof of the allegation.

5.      The Defendants are without knowledge of the allegations contained in paragraph VI (3) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

6.      The Defendants are without knowledge of the allegations contained in paragraph VI (4) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

7.      The Defendants are without knowledge of the allegations contained in paragraph VI (5) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

8.      The Defendants are without knowledge of the allegations contained in paragraph VI (6) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

9.      The Defendants are without knowledge of the allegations contained in paragraph VI (7) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

10.     The Defendants are without knowledge of the allegations contained in paragraph VI (8) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

11.     The Defendants are without knowledge of the allegations contained in paragraph VI (9) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

12.     The Defendants are without knowledge of the allegations contained in paragraph VI (10) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

13.     The Defendants are without knowledge of the allegations contained in paragraph VI (11) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

14.     The Defendants are without knowledge of the allegations contained in paragraph VI (12) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

15.     The Defendants are without knowledge of the allegations contained in paragraph VI (13) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

16.     The Defendants are without knowledge of the allegations contained in paragraph VI (14) of the Plaintiff's Civil Rights Complaint Form, and therefore

deny the allegations, and demands strict proof thereof.

17. The Defendants are without knowledge of the allegations contained in paragraph VI (15) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

18. The Defendants are without knowledge of the allegations contained in paragraph VI (16) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations.

19. The Defendants are without knowledge of the allegations contained in paragraph VI (17) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

20. The Defendants are without knowledge of the allegations contained in paragraph VI (18) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

21. The Defendants are without knowledge of the allegations contained in paragraph VI (19) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations, and demands strict proof thereof.

21. The Defendants are without knowledge of the allegations contained in paragraph VI (20) of the Plaintiff's Civil Rights Complaint Form, and therefore deny the allegations.

22. The Defendants denies the allegations contained in paragraph VI

(21) of the Plaintiff's Civil Rights Complaint Form.

23.     The Defendants' demand a trial by jury.

The Defendants answer the Plaintiff's Civil Rights Complaint Form, and demands judgment against the Plaintiff and in favor of the Defendants that the Plaintiff shall take nothing from these Defendants, and an award of attorney's fees and costs.

## Affirmative Defenses

24.     The Plaintiff is a convicted felon.

25.     The Plaintiff did not exhaust his administrative remedies as required by Florida Administrative Code Rule 33-103 before brining his 42 U.S.C. § 1983 claim.

26.     Any and all injuries sustained by the Plaintiff were caused by other inmates the Defendants had no control over.

27.     The Plaintiff was provided with adequate protection while incarcerated at the North West Florida Reception Center.

28.     The Plaintiff's own actions contributed to the injuries he sustained.

29.     The Defendants demand a trial by jury.

Dated this 17th day of October, 2018 in Clay County Florida.

        LAW OFFICES OF BOHDAN NESWIACHENY
        Attorneys for Defendant -Wilburn and Diedeman
        151 College Drive, Suite 1
        Orange Park, Florida 32065
        (904) 276-6171; (904) 276-1751 - fax

        BY    /s/ Sean C. Barber
        SEAN C. BARBER
        Florida Bar Number: 0680931
        Primary e-mail for service:
        service-orangepark@bnlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail to Plaintiff Robert Kornagay, Pro Se, J13085 on this 17th day of October, 2018 Lake Correctional Institution, 19225 U.S. Highway 27, Clermont Florida, 34715

        BY    /s/Sean C. Barber
                Attorney