# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| ROBERT KORNAGAY,<br><br>    Plaintiff,<br><br>vs.<br><br>SERGEANT T. DIEDEMAN, et al.,<br><br>    Defendants. | Case No. 3:17-cv-795-J-34MCR |

## UNOPPOSED MOTION TO AMEND THE COMPLAINT AND TO ENLARGE THE TIME FOR DISCOVERY BY 60 DAYS

COMES NOW the Plaintiff, through counsel, and avers:

1. After reviewing records currently available to counsel for Plaintiff, Plaintiff seeks leave to amend the Complaint as follows:

    a. To more fully and specifically allege the events complained of;

    b. To make additional allegations that appear warranted by the facts.

2. Defendants' counsel does not oppose the amendment with the proviso that the Court would permit an additional 60 days for a response and discovery.

### MEMORANDUM OF LAW

Rule 15(a) Fed.R.Civ.P. provides that amendment after a responsive pleading has been served, absent consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*Shipner v. Eastern Air Lines, Inc*., 868 F.2d 401, 407 (11th Cir.1989). In deciding whether to grant a motion to amend, the district court may consider:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.

*Foman v. Davis*, 371 U.S. 178, 182, 371 U.S. 227 (1962). The goal of generously allowing amendment is to facilitate a proper decision upon the merits. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981). None of the foregoing factors apply here. This case, until now, was litigated by a *pro se* prisoner. Plaintiff's counsel has reviewed information not available to the *pro se* Plaintiff. Plaintiff's proposed Amendment, attached hereto, reflects that information.

    WHEREFORE, Plaintiff moves this Honorable Court for leave to Amend the Complaint for Damages and to enlarge the time for discovery by 60 days.

Respectfully submitted,   <u>s/ James V. Cook</u>_____
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

I CERTIFY, pursuant to Local Rule 3.01(g), that I have conferred in good faith with opposing counsel and opposing counsel has no objection to the relief sought.

I CERTIFY the foregoing was filed electronically on 2/20/19, and served on counsel registered to be notified by the CM/ECF electronic mail system.

*s/James V. Cook*