IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT D. KORNAGAY,

    Plaintiff,

                                                                         Case No. 3:17-cv-795-J-34MCR

v.

OFFICER T. DIEDEMAN,
SERGEANT J. WILBURN,

    Defendants.

_____/

## DEFENDANT'S MOTION TO COMPEL DEPOSITION TESTIMONY OF DEMETRIS AVANTS

Defendants, OFFICER T. DIEDEMAN and SERGEANT WILBURN (hereinafter, "Defendants"), by and through the undersigned counsel, hereby moves for an Order to Compel responses to deposition questions. As grounds for said motion, the Defendants state as follows:

1. This is an action filed on July 17, 2017 in the United States District Court for the Middle District of Florida, Jacksonville Division.

2. The original *Complaint* named Demetris Avants as a Defendant.

3. On or about February 20, 2019, Defendant filed an *Amended Complaint* against the Defendants alleging deprivation of Plaintiff's Constitutional rights under 42 U.S.C. §1983 and conspiracy to deprive Plaintiff of his Constitutional rights under 42 U.S.C. §1983.

4. On or about August 27, 2019, Demetris Avants gave a statement under oath with only the Plaintiff's attorney present. (Dkt. 80, Exhibit 1).

5. On or about November 6, 2019, the deposition of Carlton Daniels, an inmate at the Columbia Correctional Institution and participant in the February 4, 2017 incident. *See* (Dkt. 106, Exhibit 1).

6. In his deposition, Mr. Daniels gave eyewitness testimony of the February 4, 2017 incident. *See* (Dkt. 106, Exhibit 1).

7. Mr. Daniels provided testimony that the incident occurred due to the Plaintiff's gang affiliation and the Plaintiff's sexual orientation. *See* (Dkt. 106, Exhibit 1, 15:20-17:9).

7. On or about February 19, 2020, Defendants attempted to take the deposition of Demetris Avants. (Dkt. 107, Exhibit 2).

8. Demetris Avants refused to answer what charges he was currently being incarcerated for, his highest level of education, whether he held any professional licenses and whether he was currently employed within the prison. *See* (Dkt. 107, Exhibit 2, 7:6-21).

9. Demetris Avants refused to answer any questions regarding Mr. Kornagay's sexual orientation or his gang affilliation. *See* (Dkt. 107, Exhibit 2, 9:20-11:10).

10. Mr. Avants unilaterally ended the deposition without the consent of counsel for the Defendants. *See* (Dkt. 107, Exhibit 2, 11:13-22).

**MEMORANDUM OF LAW**

Courts have long recognized, "the ultimate purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Dunstan v. Wal-Mart Stores East, L.P.,* 2008 WL 2025313 (M.D. Fla.2008), citing *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682 (1958). "The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystallize concise factual issues for trial; [p]roperly used, they prevent prejudicial surprises and conserve precious judicial energies." *Bank of Mong v. M&P Global Fin. Servs.* 258 F.R.D. 514, 519 (S.D. Fla. 2009).

Here, Defendant is clearly entitled to depose Demetris Avants in an effort to discover the facts, contentions and circumstances surrounding this lawsuit. Without Demetris Avants' testimony, Defendant cannot develop evidence critical to his case or assess his credibility. Demetris Avants' deliberate efforts to impede the discovery process by repeatedly refusing to answer questions in his deposition, violates both the letter and the spirit of the Federal Rules of Civil Procedure, and should not be condoned.

Rule 37 of the Federal Rules of Civil Procedure governs failures to make or cooperate in discovery. Rule 37(a)(1) states in pertinent part:

> On notice to other parities and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Moreover, a motion to compel is committed to the sound discretion of the trial court, whose decision will be upheld barring an abuse of discretion. See *Commercial Union Ins.Co. v. Westrope,* 730 F.3d 788, 790 (11th Cir. 1993); *see also Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993) (maintaining that a district court has broad discretion to control discovery, including imposing sanctions on uncooperative litigants).

Rule 37(a)(5)(A)Fed.R.Civ.P., mandates:

> If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, *require* the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was

>   substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A) (Dec. 2007) (emphasis added). Hence, it is incumbent upon Demetris Avants to show cause why the Court should not order him to pay Defendant's reasonable expenses, including attorney's fees, incurred in connection with the motion to compel.

"A motion for sanctions under Rule 37... places both that party and its attorney on notice that the court may assess sanctions against either or both unless they provide the court with a substantial justification for their conduct." *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.,* 527 F.Supp.2d 1355 (M.D. Fla. 2007) (M.D. Fla. Aug. 3, 2009). In discussing the intent of Rule 37 (a)(4), the Advisory Committee Notes to the 1970 amendments to Rule 37 stated, "The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified." *See also Devaney v. Continental Amer. Ins. Co.,* 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified"). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group,* 55 F.3d 463, 466 (9th Cir. 1995). Mr. Avants' behavior and lack of respect for the judicial process was egregious. Consequently, in accordance with rule 37, Defendant seeks attorney's fees as a sanction for necessitating this motion to compel.

WHEREFORE, the Defendants, OFFICER T. DIEDEMAN and SERGEANT WILBURN, respectfully granting the relief requested, requiring immediate cooperation with Plaintiff's counsel in coordinating such date and requiring Demetris Avants to pay all reasonable

attorney's fees and costs associated with Plaintiff bringing this motion as well as all other relief which this Court deems just and appropriate.

### **RULE 3.01(g) CERTIFICATION**

Pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned has conferred with counsel for the Plaintiff. The Plaintiff opposes the motion.

    Respectfully submitted,

    **VERNIS & BOWLING OF**
    **NORTH FLORIDA, PA**

    */s/ William Blume, III*
    William McFarland Blume, III, Esquire
    Florida Bar No.: 093723
    Leonard T. Hackett, Esquire
    Florida Bar No.: 0420107
    4309 Salisbury Road
    Jacksonville, FL 32216
    Tel. (904) 296-6751
    Fax (904) 296-2712
    WBlume@florida-law.com
    LHackett@florida-law.com

    *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on this 9th day of March 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will furnish a copy of the foregoing via ECF to all counsel of record.

                                                       */s/ William Blume, III*
                                                      Attorney